**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:01-CV-202**

**AMERICAN CIVIL LIBERTIES UNION**
**OF KENTUCKY; RAYMOND HARPER;**
**and ED MEREDITH**                                                     **PLAINTIFFS**

**V.**

**GRAYSON COUNTY, KENTUCKY; and**
**GARY LOGSDON, in his official capacity as**
**Grayson County Judge-Executive**                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Defendants to stay the Court's consideration of the Plaintiff's motion for attorneys' fees pending appeal. (DN 70). Fully briefed, this matter is ripe for consideration. For the following reasons, the Defendants' motion is **DENIED**.

In their motion, the Defendants argue that such a stay would further the interests of judicial economy because any award of attorneys' fees and costs would in all likelihood not be realized until the resolution of the Defendant's timely appeal to the Sixth Circuit. (DN 70, p. 1). The Court, however, disagrees. Postponing the fees question until all merit-based appeals are exhausted would enable an aggrieved party to re-initiate appellate litigation solely over the issue of fees. As the Plaintiffs have noted, this second-round of litigation would demand significant judicial resources and impose additional delay upon the case's finality. On the other hand, if the Court exercises its authority to address the Plaintiffs' request for attorneys' fees during the pendency of the appeal, the aggrieved party may seek appellate review of any fees-related issues by requesting consolidation with the underlying appeal on the merits. Additionally, the Defendants have offered no legal support for their position and the usual course is for a court to consider attorneys' fees promptly

after a decision on the merits rather than to stay a motion for attorneys' fees until after the resolution of an appeal.  See, e.g., McCloud v. City of Sunbury, 2006 U.S. Dist. LEXIS 9187 (M.D. Pa. 2006)(finding no merit to a motion seeking a stay of motion for attorneys' fees pending the outcome of an appeal); Hernandez v. Grubbs, 2003 U.S. Dist. LEXIS 18855 (E.D. La. 2003)("[I]t is normal...that the Court decide the award of attorneys' fees prior to an appeal being taken.")

Thus, the Defendants' motion for a stay is **DENIED**. **IT IS SO ORDERED**.

cc: Counsel of Record